**DRIVE–IN MUSIC COMPANY, INC.,
a California Corporation,
Plaintiff—Appellant,**

v.

**COLUMBIA CASUALTY COMPANY,
an Illinois Corporation; et al.,
Defendants—Appellees.**

No. 03–56077.
D.C. No. CV–01–04971–CAS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 4, 2005.

Decided April 13, 2005.

Allen Hyman, Law Offices of Allen Hyman, North Hollywood, CA, for Plaintiff-Appellant.

Rachel Hobbs, Selman Breitman, LLP, Los Angeles, CA, for Defendants–Appellees.

Before T.G. NELSON, W. FLETCHER, and BEA, Circuit Judges.

MEMORANDUM *

Drive–In Music Company appeals the district court's summary judgment in favor of its insurance company, Columbia Casualty Company, on its complaint alleging breach of contract, tortious breach of the duty to defend and indemnify arising out of a contract for insurance, and seeking declaratory relief under California law. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The parties are familiar with the facts and we do not recite them here except as necessary. The insurance contract upon which appellant bases its claims is a "Specified Perils" contract, which grants coverage only for specified risks. Appellant claims coverage under Music Recording and Publishing coverage part, coverage agreements A2 ("Infringement of copyright ... whether under statutory or common law") and/or A4 ("unauthorized use of titles ... but only for claims based upon ... infringement of copyright").

Under California law, the interpretation of an insurance contract is a question of law, which is reviewed de novo. *E.M.M.I. Inc. v. Zurich American Insurance Co.*, 32 Cal.4th 465, 9 Cal.Rptr.3d 701, 84 P.3d 385, 389 (2004). The court must apply statutory rules of interpretation. Cal. Civil Code § 1635 *et seq.* California Civil Code § 1644 requires the court to apply the plain meaning test. *See also E.M.M.I.*, 9 Cal.Rptr.3d 701, 84 P.3d at 389.

The plain meaning of the terms of the insurance contract do not provide coverage for what are in essence property disputes between Pittman and DriveIn as to ownership of the copyright of "Girl Watcher." Moreover, as the district court correctly held, co-owners in a copyright cannot sue each other for copyright infringement.

*See Zuill v. Shanahan,* 80 F.3d 1366, 1369 (9th Cir.1996) (concluding that claims for co-ownership are distinct from claims for infringement and finding that claimants did not and could not sue each other for infringement of their status as co-owners).

As to other claims purported to be covered by A4 based on allegations other than infringement of copyright, none of Pittman's allegations were based upon allegations of plagiarism, unfair competition, piracy, or violation of common law property rights in literary or musical material. To repeat: Pittman's claims were not that Drive–In had infringed or misused the copyrighted material, but that Pittman owned a greater percentage of the copyright than Drive–In would allow, because of Pittman's dealings with Killette.

The insurance policy insured against third parties' infringement of copyrighted material, not against Killette's fidelity in transactions with his co-owners of the copyright.

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.